UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

JAN 2 8 2015

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

DERRICK LEE SMITH,

Plaintiff,[1]

v.

CASE NO. 15-CV-10349
HONORABLE AVERN COHN

BONITA HOFFNER, et al.,

Defendants.

_____/

## ORDER OF TRANSFER

I.

This is a pro se civil rights case under 42 U.S.C. § 1983. Plaintiff Derrick Lee Smith is a state prisoner currently confined at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan. The events giving rise to the complaint occurred at LCF. Plaintiff names the Warden at LCF, Bonita Hoffner, and other employees at LCF as defendants. In broad terms, Smith alleges that defendants improperly removed money from his prison account and improperly charged him with a misconduct resulting in a loss of privileges. He seeks declaratory relief, injunctive relief, and monetary damages.

As will be explained, this case belongs in the District Court for the Western District of Michigan, Southern Division. Accordingly, it will be transferred to the proper venue.

---

[1] Smith lists other plaintiffs in the caption of his complaint, but does not otherwise refer to them in his pleadings. Additionally, those individuals did not sign the complaint. Accordingly, the Court does not consider them to be plaintiffs in this action.

II.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391.

Section 1391(b) provides:

Venue in general.  A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Public officials "reside" in the county where they perform their

official duties.  O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the

interests of justice, transfer the case to a district or division where it could have been

brought.  See 28 U.S.C. § 1406(a).  Additionally, even when venue is proper, a district

court may transfer a civil action to any other district where it might have been brought

for the convenience of the parties and witnesses and in the interest of justice.  See 28

U.S.C. § 1404(a).  A court may sua sponte transfer a case for improper venue.  Carver

v. Knox County, Tenn., 887 F.2d 1287, 1291 (6th Cir. 1989); see also Cosmichrome,

Inc. v. Spectra Chrome, Inc. LLC, 504 F. App'x 468, 472 (6th Cir. 2012).

2

III.

Here, the defendants reside in Coldwater.  The actions giving rise to the complaint occurred at LCF, which is also located in Coldwater.  Coldwater lies in Branch County, which is located in the Southern Division of the Western District of Michigan. See 28 U.S.C. § 102(b)(2).  Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court.

Accordingly, under 28 U.S.C. § 1406(a) and in the interests of justice, the Clerk shall TRANSFER this case to the District Court for the Western District of Michigan, Southern Division.  The Court makes no determination as to the merits of the complaint or the application to proceed without prepayment of fees and costs.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 1/28/15
Detroit, Michigan

3